BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@ggfirm.com
KEITH PATRICK BANNER (SBN 259502)
KBanner@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant 2199933 Ontario Inc., a Canadian Corporation

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>CREAGRI, INC.,<br><br>Debtor. | Case No. 4:20-bk-41289-CN<br><br>Chapter 7 |
| CARR & FERRELL, LLP, and EZIO VALDEVIT,<br><br>Plaintiffs,<br><br>v.<br><br>DR. ROBERTO CREA, an individual, also known as DR. ROBERT CREA; CALISCANA, LLC, a California limited liability Company, OLIPHENOL, LLC, a Delaware Limited Liability Company, 2199933 ONTARIO INC., a Canadian corporation; AND DOES 1-20.<br><br>Defendants. | Adversary Case No. 21-04040<br><br>**DEFENDANT 2199933 ONTARIO INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>Hearing</u><br>Date: February 11, 2022<br>Time: 11:00 a.m.<br>Place: Via Tele/Videoconference www.canb.uscourts.gov/calendars |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

## TABLE OF CONTENTS

Page

I. FACTUAL ALLEGATIONS ... 1

A. Introduction ... 1

B. The Scant Allegations of the Complaint Relating to 219 Ontario ... 2

II. DISCUSSION ... 4

A. The Legal Standard ... 4

B. Plaintiffs Fail to Plead Sufficient Facts to Support the Claims of Fraudulent Transfer against 219 Ontario ... 5

1. There was no transfer of the Debtor's assets to 219 Ontario, nor did the Debtor incur any debt ... 6

2. 219 Ontario has a superior lien ... 7

C. Plaintiffs Likewise Fail to Allege Specific Enough Facts to Give 219 Ontario Notice of the Particular Misconduct Which Is Allegedly Fraudulent ... 9

D. Plaintiffs' Fifth Cause of Action Should be Dismissed As It Is Also Premised on 219 Ontario's Purported Violations of 11 U.S.C ... 11

E. Plaintiffs Have No Standing to Sue 219 Ontario ... 12

F. Leave to Amend Should Not Be Granted ... 12

III. CONCLUSION ... 13

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

**CASES**

*Abu-Lughod v. Calis*, 2014 WL 12589324 (C.D. Cal. Oct. 9, 2014) ....6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....4, 7, 12

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ....4

*Bank of Texas v. Patel*, 2017 WL 2985133 (S.D. Cal. July 12, 2017) ....9

*Bautista v. Los Angeles Cty.*, 216 F.3d 837 (9th Cir. 2000) ....9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....4

*Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001) ....5

*Bonded Financial Services, Inc. v. European American Bank,* 838 F.2d 890 (7th Cir. 1988) ....9

*Fayer v. Vaughn*, 649 F.3d 1061 (9th Cir. 2011) ....5

*Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015) ....8

*Gil v. Maddalena (In re Maddalena)*, 176 B.R. 551 (Bankr. C.D. Cal.1995) ....9

*Hale Bros. Inv. Co., LLC v. StudentsFirst Inst.*, 2017 WL 590255 (E.D. Cal. Feb. 14, 2017) ....11

*In re Agric. Research and Tech. Grp.*, 916 F.2d 528 (9th Cir. 1990) ....8

*In re Menjivar*, 2014 WL 308912 (B.A.P. 9th Cir. 2014) ....12

*Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397 (9th Cir. 1991) ....5

*Mirmehdi v. United States*, 689 F.3d 975 (9th Cir. 2012) ....12

*Rosenbluth Internat., Inc. v. Superior Ct.*, 101 Cal. App. 4th 1073 (2002) ....11

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

*Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051 (E.D. Cal. 2010) ........ 8

*Siegal v. Gamble*, 2016 WL 1085787 (N.D. Cal. Mar. 21, 2016) ........ 7

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ........ 9, 10

*United States v. Corinthian Colleges*, 655 F.3d 984 (9th Cir. 2011) ........ 12

**STATUTES**

11 U.S.C. § 544 ........ 10, 11

11 U.S.C. § 547 ........ 11

11 U.S.C. § 548 ........ 1, 5, 11

11 U.S.C. § 548(a)(1) ........ 5

11 U.S.C. § 549 ........ 11

11 U.S.C. § 550(b)(1) ........ 7, 8

Cal. Civil Code § 3439 ........ 1, 5, 10, 11

Cal. Civil Code § 3439.04 ........ 6, 10

Cal. Civil Code § 3439.05 ........ 6, 10

Cal. Bus. & Prof. Code § 17200 ........ 1, 5, 11

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7008 ........ 4

Fed. R. Bankr. P. 7012 ........ 1, 4

Fed. R. Civ. P. 8 ........ 4, 10

Fed. R. Civ. P. 9(b) ........ 5, 7, 9

Fed. R. Civ. P. 12(b)(6) ........ 1, 4, 7, 8

Fed. R. Civ. P. 15(a) ........ 12

Local Bankruptcy Rule 7012-1 ........ 1

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Case: 21-04040 Doc# 17 Filed: 01/10/22 Entered: 01/10/22 17:50:02 Page 4 of 18

Defendant 2199933 Ontario Inc., ("219 Ontario" or "Defendant") hereby moves pursuant to this motion (this "Motion") for an order dismissing all claims brought against 219 Ontario without leave to amend, alleged in the *Chapter 7 Complaint for Fraudulent Transfers, Violations of California Uniform Voidable Transactions Act, Breach of Fiduciary Duty, Breach of Contract, and Unfair Business Practices* [Docket No.24] (the "Complaint") filed on November 8, 2021 by Plaintiffs Carr & Ferrell, LLP and Ezio Valdevit (collectively, "Plaintiffs"). This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules" and each a "Rule") as incorporated herein by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule").[1]

# I. FACTUAL ALLEGATIONS

## A. Introduction

In their Complaint, Plaintiffs allege that Dr. Roberto Crea ("Dr. Crea"), the founder and owner of the Debtor, Creagri Inc. (the "Debtor" or "Creagri"), set out to misappropriate the Debtor's property through a series of transfers of assets of the Debtor from one company to another. Plaintiffs maintain that these transfers are avoidable were fraudulent and by way of their Complaint, asks the Court to avoid them. In doing so, Plaintiffs have included 219 Ontario in three separate causes of action: First Cause of Action under section 548 of the Bankruptcy Code[2]; Second Cause of Action under section 3439 of the California Civil Code; and Fifth Cause of Action under section 17200 of the California Business and Professions Code. The essence of these claims is that there was a transfer of assets from the Debtor, or the incurrence of debt by the Debtor. But Plaintiffs have not alleged that the Debtor transferred any assets to 219 Ontario, or that the Debtor incurred any debt obligation to 219 Ontario. To the contrary, the only allegation Plaintiffs make against 219 Ontario is that it loaned Dr. Crea $250,000 and this loan was then assumed by, and secured by the assets of, Oliphenol, LLC ("Oliphenol"). Plaintiffs cannot recover based on claims of fraudulent transfer against 219 Ontario when Plaintiffs do not even

[1] Pursuant to Local Bankruptcy Rule 7012-1, 219 Ontario does not consent to entry of a final order or judgment by the Bankruptcy Court.
[2] Title 11 of the United States Code §§ 101, et seq. (the "Bankruptcy Code").

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Case: 21-04040 Doc# 17 Filed: 01/10/22 Entered: 01/10/22 17:50:02 Page 5 of 18

allege that any assets whatsoever were transferred to 219 Ontario, or that the Debtor incurred any liability to 219 Ontario. Indeed, the documentation that Plaintiffs attach to the Complaint, which are incorporated into the Complaint's allegations, validate the absence of a claim against 219 Ontario. Plaintiffs therefore fail to state a claim against 219 Ontario and no amendment could possibly cure this deficiency. Accordingly dismissal of all claims against 219 Ontario without leave to amend is warranted.

## B. The Scant Allegations of the Complaint Relating to 219 Ontario

While the Complaint alleges several different transfers involving the Debtor and its assets, the Complaint fails to allege *any* transfer of the Debtor's assets to 219 Ontario. Notably, Plaintiffs mention 219 Ontario a mere *four* times in the entire Complaint:

- Paragraph 9 alleges 219 Ontario is a Canadian corporation, and without any other detail, alleges on information and belief that it is an affiliate of Oliphenol;
- Paragraph 38 alleges that 219 Ontario among others entered into a multi-party agreement which resulted in Oliphenol acquiring all of the assets of the Debtor – when, in fact, the documents attached to the Complaint show that 219 Ontario was ***not*** a party to the agreement by which Oliphenol acquired the assets;
- Paragraph 48 alleges 219 Ontario made a $250,000 loan to Dr. Crea, personally which loan was then assumed by, and secured by, Oliphenol, both non-debtors; and
- Paragraph 67 alleges *Dr. Crea* breached *his* fiduciary duty by retaining the funds advanced by 219 Ontario.

Plaintiffs allege Dr. Crea sought investments for the Debtor, Creagri, from third-party investors in 2002, 2004, and 2008. (Complaint, ¶¶19-28). The 2002 round of investments came in exchange for certain preferred stock, while both the 2004 and 2008 rounds of investments were evidenced by the issuance of convertible promissory notes (the "2004 Notes" and "2008 Notes). *Id.* In 2009, Dr. Crea entered into a series of agreements in order to acquire this preferred stock and the 2004 and 2008 Notes from Creagri's investors. (Complaint, ¶ 30). Dr. Crea paid approximately $3 million to do so. (Complaint, ¶ 31). 219 Ontario is not alleged to have any part

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

in those transactions.

***Transfer 1-Crea Transfer***

Plaintiffs go on to allege that Dr. Crea arranged for the sale of Creagri's assets to himself in exchange for the cancellation of the 2008 Notes (the "Crea Transfer"). (Complaint, ¶¶ 39-41). The Crea Transfer purportedly included all of Creagri's tangible personal property; data and records; patents, trademarks and copyright; and other intellectual property (collectively, the "Creagri Assets"). (Complaint, ¶ 40). The Crea Transfer involved Creagri allegedly transferring the Creagri Assets to Dr. Crea. Nothing was transferred to 219 Ontario in the Crea Transfer.

***Transfer 2-Caliscana Transfer***

After the Crea Transfer, Plaintiffs allege the Creagri Assets were then transferred to Caliscana LLC ("Caliscana"), an entity formed by Dr. Crea (the "Caliscana Transfer"). (Complaint, ¶ 42). The documents evidencing the Caliscana Transfer state that the transfer was purportedly in exchange "for good and valuable consideration" but the Plaintiffs allege otherwise in their Complaint. (Complaint, ¶ 43). The Caliscana Transfer involved Dr. Crea transferring the Creagri Assets to Caliscana. Nothing was transferred to 219 Ontario in the Caliscana Transfer.

***Transfer 3-Oliphenol Transfer***

Next, Caliscana allegedly transferred the Creagri Assets to Oliphenol (the "Oliphenol Transfer"). (Complaint, ¶ 45). Oliphenol allegedly paid $1,750,000 plus a 40% ownership interest in Oliphenol for the Creagri Assets. (Complaint, ¶ 46). The Oliphenol Transfer transferred the Creagri Assets from Caliscana to Oliphenol. Nothing was transferred to 219 Ontario in the Oliphenol Transfer.

Finally, in the Complaint's one factual allegation regarding 219 Ontario, Plaintiffs allege that $250,000 of the purchase price paid by Oliphenol for the Oliphenol Transfer, was in the form of a loan made by 219 Ontario for that amount to Dr. Crea, which loan was then assumed by Oliphenol and secured by a general security interest in all of Oliphenol's assets. (Complaint, ¶ 48).

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Case: 21-04040 Doc# 17 Filed: 01/10/22 Entered: 01/10/22 17:50:02 Page 7 of 18

## II. DISCUSSION

### A. The Legal Standard

Under Rule 12(b)(6), as incorporated herein by Bankruptcy Rule 7012, a defendant may move to dismiss claims brought against it for "failure to state a claim upon which relief can be granted." Dismissal is proper under Rule 12(b)(6) where there is either a "lack of a cognizable legal theory" or "the ***absence of sufficient facts*** alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (emphasis added).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is ***plausible*** on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (internal quotation marks omitted).

A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Rather, to survive a motion to dismiss under Rule 12(b)(6), Rule 8(a)(2), as incorporated herein by Bankruptcy Rule 7008, requires that the Plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 570. A complaint has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

As the Ninth Circuit has noted:
> Although factual allegations are taken as true, we do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. …Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.

*Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotations and citations omitted).

In addition, the heightened pleading standard of Rule 9(b) applies to claims alleging actual fraudulent transfers, which Plaintiffs purport to assert in the First and Second Causes of Action in

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

the Complaint. As such, Plaintiffs are required under Rule 9(b): "to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Dist.,* 940 F.2d 397, 405 (9th Cir. 1991). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and internal quotations omitted).

**B. Plaintiffs Fail to Plead Sufficient Facts to Support the Claims of Fraudulent Transfer against 219 Ontario**

Plaintiffs purport to include 219 Ontario as a defendant in three causes of action: the First Cause of Action alleging fraudulent transfer of the Creagri Assets pursuant to section 548 of the Bankruptcy Code; the Second Cause of Action alleging fraudulent transfer in violation of section 3439 of the California Civil Code; and the Fifth Cause of Action alleging that the 2019 Transaction violated section 17200 of the California Business and Professions Code (on the sole basis that 219 Ontario allegedly violated section 548 of the Bankruptcy Code and section 3439 of the California Civil Code).

1. There was no transfer of the Debtor's assets to 219 Ontario, nor did the Debtor incur any debt.

Pursuant to section 548(a)(1) of the Bankruptcy Code, under certain circumstances, "the trustee may avoid any *transfer*…of an interest of the debtor in property, *or any obligation… incurred by the debtor*, that was made or incurred on or within 2 years before the date of the filing of the petition…". (emphasis added). Section 3439.04 of the California Civil Code similarly states, "[a] *transfer made or obligation incurred by a debtor* is voidable as to a creditor, whether the creditor's claim arose before or after the transfer was made or obligation was incurred" provided certain parameters are met. (emphasis added). Likewise, section 3439.05 of California Civil Code states in part that "[a] *transfer made or obligation incurred by a debtor* is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." (emphasis added).

Whether under California law or the Bankruptcy Code, the avoidance statutes plainly require that there either be a transfer of the debtor's property, or the incurrence of an obligation by the debtor. Plaintiffs fail to allege either of these most essential factual allegations to support any such claims against 219 Ontario. *See Abu-Lughod v. Calis*, 2014 WL 12589324, at *6 (C.D. Cal. Oct. 9, 2014) (failure "even to allege that [Defendant] *made* the transfer" is a "fundamental problem" warranting dismissal of Plaintiffs' claim.) (emphasis in original).

As noted above, nowhere in the Complaint is it alleged that the Debtor transferred assets to 219 Ontario. Rather Transfer 1 is from the Debtor to Dr. Crea; Transfer 2 is from Dr. Crea to Caliscana; and Transfer 3 was from Caliscana to Oliphenol. As to this last transfer, it is significant to note that the Asset Purchase Agreement dated January 21, 2019 attached as Exhibit F to the Complaint does not list 219 Ontario as a party, and 219 Ontario never signed that agreement.

Further, there is no allegation that the Debtor incurred any debt obligation to 219 Ontario. The sole factual allegation Plaintiffs make involving 219 Ontario is that 219 Ontario made a $250,000 loan *to non-debtor Dr. Crea*, which was then purportedly assumed by a second non-debtor, Oliphenol. Since this loan was not to the Debtor, it does not satisfy this element of the avoidance statutes. Further, 219 Ontario's loan was not secured by just the Creagri Assets, but instead by a general security interest in all of Oliphenol's assets. (*See* Complaint, ¶ 48).

While Plaintiffs make the conclusory statement that "the transfer of the purported security interest in the Creagri Assets to Ontario, Inc. was used solely to create the illusion of a security interest in the Creagri Assets, now held by Oliphenol," this is exactly the sort of "naked assertion devoid of further factual enhancement" which justifies dismissing claims under Rule 12(b)(6). *Iqbal,* 556 U.S. at 678. Plaintiffs do not allege any facts demonstrating how a security interest in the Oliphenol Assets "create[s] the illusion of a security interest in the Creagri Assets". To the contrary, they explicitly allege 219 Ontario made a loan of $250,000 to Dr. Crea, a non-debtor, and then that loan assumed by Oliphenol and secured by a "general security interest" in

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Oliphenol's assets.

2. <u>219 Ontario has a superior lien</u>.

Even if Plaintiffs could make out a *prima facie* case against 219 Ontario, which as noted above they cannot do, Plaintiffs cannot recover from 219 Ontario. Plaintiffs cannot recover from anyone who is the immediate or mediate transferee of the initial transferee if such a party took in good faith and for value. 11 U.S.C. § 550(b)(1).

219 Ontario was not a transferee at all, let alone the initial transferee. (*See* Section II above). As alleged by the Complaint, the initial transferee was Dr. Crea, the immediate transferee was Caliscana, the mediate transferee was Oliphenol. 219 Ontario is not alleged to fit anywhere in this chain of alleged transfers.

Plaintiffs' allegation that 219 Ontario "is controlled by insiders of Oliphenol" does not help. First such an allegation does not meet the standards set forth by Rule 9(b). "[N]aked assertions" that a party is an insider "do not satisfy Rule 9(b)'s pleading requirements". *Siegal v. Gamble*, 2016 WL 1085787, at *8 (N.D. Cal. Mar. 21, 2016). Second, even if indeed 219 Ontario was controlled by insiders of Oliphenol (which is denied), this allegation is by no means synonymous with 219 Ontario having received assets that were transferred to Oliphenol.

Thus, 219 Ontario gets the benefit of the "good faith and for value" protections of section 550(b)(1) of the Bankruptcy Code.

Plaintiffs provide little to no factual information about the 219 Ontario loan other than to state "[t]he Debtor's Information shows that $250,000 of the purchase price in the 2019 Transaction was styled as a 'loan' from Ontario Inc. to Dr. Crea personally, which was then 'assumed' by Oliphenol and 'secured' to Ontario Inc. with a general security interest in all of Oliphenol's assets." (Complaint, ¶ 48). Plaintiffs thus acknowledge there was a loan and make no allegation that value was not provided. Significantly, under section 550(b)(1) of the Bankruptcy Code the value need not be provided to the debtor. *Bonded Financial Services, Inc. v. European American Bank*, 838 F.2d 890, 897 (7th Cir. 1988).

Further, in the documents evidencing the Oliphenol Transfer, Caliscana represented that it "own[ed] the Assets with good and marketable title hereto…" and was "entitled to sell, transfer

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
2049 Century Park East, Suite 2600
Los Angeles, California 90067

and assign to the Purchaser [Oliphenol] good and marketable title to the Assets free and clear of all Encumbrances." Complaint, Ex. F, ¶ 3.2. To the extent 219 Ontario's loan to Dr. Crea had a connection to the Creagri Assets, any security interest 219 Ontario may now have in what were the Creagri Assets, was taken in good faith.

"In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint *and documents attached thereto*." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1019 (C.D. Cal. 2015). (emphasis added). "A court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1059 (E.D. Cal. 2010).

While Plaintiffs make conclusory allegations that the loan "created the illusion of a security interest in the Creagri Assets…" Plaintiffs allegations are contrary to the documents attached to the Complaint. The documents support the good faith elements. Plaintiffs have not, and cannot, plead any *facts,* to the contrary.

"Good faith" is not defined in the Bankruptcy Code, but courts define the "good faith" requirement to mean that, viewed objectively, the transferee either knew or should have known of the fraudulent nature of the transfer. *See In re Agric. Research and Tech. Grp.*, 916 F.2d 528, 535-36 (9th Cir. 1990); *Gil v. Maddalena (In re Maddalena)*, 176 B.R. 551, 555 (Bankr. C.D. Cal.1995). Aside from unsubstantiated claims that the loan "created the illusion of a security interest in the Creagri Assets", the Plaintiffs make no claim or allegation that the 219 Ontario knew of any alleged fraudulent scheme in connection with the several transfers, nor does the Complaint allege any "red flags" that could be construed as sufficient to put 219 Ontario on inquiry notice of any fraudulent scheme in connection with the transfers.

Accordingly, Plaintiffs have not pled any facts by which they could recover anything from 219 Ontario. 219 Ontario was not the transferee of any of the Debtor's property, nor did the Debtor assume any obligations to 219 Ontario. Further 219 Ontario took its security interest in Oliphenol's assets for value and in good faith based on a bona fide loan.

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Case: 21-04040 Doc# 17 Filed: 01/10/22 Entered: 01/10/22 17:50:02 Page 12 of 18

### C. Plaintiffs Likewise Fail to Allege Specific Enough Facts to Give 219 Ontario Notice of the Particular Misconduct Which Is Allegedly Fraudulent

Even though 219 Ontario believes that the Court should dismiss the Complaint for the reasons set forth above, if for any reason the Complaint survives, as pled Plaintiffs' First and Second Causes of Action are woefully deficient as they conflate the actual and constructive fraudulent transfer claims, and lump all of the parties together.

The Complaint must be specific as to whether an actual or constructive avoidance is alleged. *See Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims").

Moreover, since allegations of actual fraudulent transfers are subject to the requirements of Rule 9(b), they are subject to heightened pleading standards. *Bank of Texas v. Patel,* 2017 WL 2985133, at *3 (S.D. Cal. July 12, 2017). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). At minimum, Plaintiffs must identify the role of each defendant in the alleged fraudulent scheme by pleading specific (not general) misconduct. *Id.* Plaintiffs fail to do so.

In the First Cause of Action under section 548 of the Bankruptcy Code, paragraph 56 alleges actual fraudulent transfer and paragraphs 57 and 58 allege a constructive fraudulent transfer.

In the Second Cause of Action under section 3439 of the California Civil Code, paragraph 61 seems to allege an intentional fraudulent transfer. This however is not clear and 219 Ontario is entitled to know under what theory it is being sued. Rule 8 requires and short and plain statement of the claim, yet one cannot even discern what claim is being alleged. The Second Cause of Action does not identify that the California Civil Code section 3439 cause of action is being brought pursuant to section 544 of the Bankruptcy Code, nor does it identify whether the causes of action are brought under California Civil Code section 3439.04, or under California Civil Code

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

section 3439.05.

Plaintiffs, in fact, do not even once mention 219 Ontario in their First or Second Causes of Action. Instead, Plaintiffs merely state in both the First and Second Causes of Action that "Defendants" transferred the Creagri Assets "with the intent to defraud Creagri's creditors." Even putting aside the fact that Plaintiffs have not plead that any assets were transferred to 219 Ontario, Plaintiffs do not specify 219 Ontario's specific role in the alleged transfer. This makes it impossible for 219 Ontario to discern how exactly Plaintiffs allege they intended to or did defraud Plaintiffs.

Plaintiffs do allege that the "purported security interest in the Creagri Assets to Ontario, Inc. was used solely to create the illusion of a security interest in the Creagri Assets, now held by Oliphenol." Yet Plaintiffs once again do not specify how this security interest – illusory or not – furthers a claim for avoidable transfer. Furthermore, as discussed above, this claim is belied by Plaintiffs own Complaint as 219 Ontario's security interest was in all *Oliphenol's* assets. Plaintiffs make no attempt to specify how a general security interest in all of a non-debtor's assets contributes to an avoidable transfer. They therefore do not give 219 Ontario the means by which to defend itself beyond simply saying it did nothing wrong.

**D. <u>Plaintiffs' Fifth Cause of Action Should be Dismissed As It Is Also Premised on 219 Ontario's Purported Violations of 11 U.S.C. § 548 and Cal. Civil Code §§ 3439 et. al.</u>**

Plaintiffs' Fifth Cause of Action realleges that 219 Ontario violated section 548 of the Bankruptcy Code and California Civil Code section 3439 and claims that this same conduct violates California Business and Professions Code section 17200. Plaintiffs' Fifth Cause of Action should therefore be dismissed for the same reasons set forth with respect to Plaintiff's First and Second Causes of Action, discussed in the sections above.

Additionally, "[section] 17200 [of the California Business and Professions Code] does not protect commercial disputes between contracting parties that do not involve the general public or individual consumers. *Hale Bros. Inv. Co., LLC v. StudentsFirst Inst.*, 2017 WL 590255, at *11 (E.D. Cal. Feb. 14, 2017). "When a UCL claim is based on a contract that does not involve the

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

public or individual consumers, a corporate plaintiff cannot use the statute for the relief it seeks." *Hale Bros. Inv. Co., LLC v. StudentsFirst Inst.*, 2017 WL 590255, at *10 (E.D. Cal. Feb. 14, 2017), *see also Rosenbluth Internat., Inc. v. Superior Ct.,* 101 Cal. App. 4th 1073, 1077 (2002), as modified (Sept. 11, 2002) ("where the UCL action is based on a contract, the representative plaintiff may seek to vindicate the rights of individual consumers who are parties to the contract.") Plaintiffs have alleged no damages suffered by the public or individual consumers, Plaintiffs allege only that they were injured as creditors to the Debtor individually. Therefore, Plaintiffs' Fifth Cause of Action cannot stand.

**E. <u>Plaintiffs Have No Standing to Sue 219 Ontario</u>**

The Complaint alleged in paragraph 4 as follows:

> Plaintiffs acquired from the Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate") all of the Estate's right, title, and interest in any and all claims of any kind that the Estate has or may have against Dr. Crea (defined below), any person or entity related to Dr. Crea, or in which Dr. Crea has an interest, and any person or entity to whom or which any of the Debtor's assets were transferred either before or after the Debtor filed its bankruptcy petition on August 3, 2020. The purchased claims acquired include, but are not limited to, claims under 11 U.S.C. §§ 544, 547, 548, and 549, and any other claims that may exist under federal or state law.

It is clear no assets of the Debtor were transferred to 219 Ontario. There is also no allegation, or could there be, that Dr. Crea has an interest in 219 Ontario. While paragraph 9 makes a bald assertion that 219 Ontario is a purported "affiliate" of Oliphenol, this bald assertion is not entitled to any merit, and the four corners of the complaint make it clear that 219 Ontario did nothing more than loan money to Oliphenol. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

Accordingly unless the rights purchased by Plaintiffs are broader than alleged in the Complaint, Plaintiffs did not purchase the right to sue 219 Ontario.

**F. <u>Leave to Amend Should Not Be Granted</u>**

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Despite the liberal application of Rule 15(a) regarding amendments to pleadings, courts acknowledge certain limits to granting such amendments. "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). In deciding whether amendment is futile, courts are only required to take into account hypothetical amended pleadings containing facts consistent with those already alleged. *In re Menjivar*, 2014 WL 308912 (B.A.P. 9th Cir. 2014) (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007)). "[A] determination that any amendment would be futile requires the trial court to dismiss the complaint with prejudice." *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir. 2012).

Here, taking into account the facts already pled, the sound conclusion is that Plaintiffs are unable to allege new facts sufficient to meet this burden. Plaintiffs have already pled, in detail, which parties transferred and received the Creagri Assets and those facts make clear 219 Ontario was not one of them. Plaintiffs make clear that 219 Ontario's only connection to the transfer of the Debtor's property is a loan to a non-debtor which purportedly was put to use as part of a purchase of the Creagri Assets. Plaintiffs cannot then, plead new facts consistent with those already pled, which would allow Plaintiffs to recover any portion of the Creagri Assets from 219 Ontario. Any amendment of the Complaint as it relates to 219 Ontario would be futile.

## III. CONCLUSION

Plaintiffs have pled no facts to support that the Debtor's assets were ever transferred to 219 Ontario, or that the Debtor incurred an obligation to 219 Ontario. Further, Plaintiffs cannot plead any new facts consistent with their Complaint which could show otherwise. Based on the foregoing, Defendant 2199933 Ontario Inc. respectfully requests that the Court dismiss all claims raised against it in the Complaint in their entirety without leave to amend and that the Court grant such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Case: 21-04040 Doc# 17 Filed: 01/10/22 Entered: 01/10/22 17:50:02 Page 16 of 18

DATED: January 10, 2022

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: */s/ Brian L. Davidoff*
BRIAN L. DAVIDOFF
KEITH PATRICK BANNER
Attorneys for Defendant
2199933 Ontario Inc.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

Case: 21-04040 Doc# 17 Filed: 01/10/22 Entered: 01/10/22 17:50:02 Page 17 of 18

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2049 Century Park East, Ste. 2600, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **DEFENDANT 2199933 ONTARIO INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 10, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Heinz Binder heinz@bindermalter.com
- Brian L. Davidoff bdavidoff@greenbergglusker.com
- Ivo Keller ivo@ssllawfirm.com
- Brent D. Meyer bmeyer@ssllawfirm.com
- Wayne A. Silver w_silver@sbcglobal.net, ws@waynesilverlaw.com
- Wendy W. Smith Wendy@bindermalter.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) ___________, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___________, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 10, 2022 | Sherry Harper | */s/ Sherry Harper* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012* Page 1

00155-00002/4244421.1